# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, Deceased, <br><br> Plaintiffs. <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, *et al.*, <br><br> Defendants. | Case No. 24-cv-3271 <br><br> Judge Jeffrey I. Cummings <br><br> Magistrate Judge Jeffrey Cole |

## DEFENDANT CITY OF CHICAGO'S MOTION TO STRIKE PARAGRAPHS 161 AND 189-91 FROM PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant City of Chicago ("City"), by and through its undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Paragraphs 161, 189, 190, and 191 from Plaintiff's First Amended Complaint ("FAC") [Dkt. 35]. In support, the City states as follows:

## INTRODUCTION

This lawsuit arises from a March 2024 traffic stop in which Chicago Police Department ("CPD") officers (the "Defendant Officers" or "Officers") lawfully stopped Dexter Reed for driving a vehicle with dark tinted windows and pointed their guns at him only after he refused to comply with their commands. Within seconds, Reed then fired shots at officers. Officers responded to Reed's use of deadly force, shooting and killing him. Significantly, the excessive force claims brought in this action are limited to the Defendant Officers' gun pointing, excluding, for the time being, any claim of "excessive lethal force." (*See* FAC (Dkt. 35) at 17 n.25.) On these facts,[1] the

---

[1] The City fully incorporates the Facts sections of the City's and Individual Defendant Officers' Motions to Dismiss Plaintiff's First Amended Complaint, filed contemporaneously with this motion to strike.

City and Individual Defendants have both moved to dismiss the FAC in its entirety pursuant to Rule 12(b)(6).

While the incident occurred in March 2024, Plaintiff, Reed's mother, seeks to predicate her *Monell* claims for unlawful arrest (Count IV), excessive force arising from the Officers' pointing their guns at Reed (Count V), and failure to train (Count VI) on factual allegations claiming a pattern and practice of unlawful conduct by CPD officers dating back as many as fifty-plus years that have little or no connection to the Reed traffic stop. (*See* FAC ¶¶ 161, 189-91.) These allegations are immaterial to the current policies and practices of CPD and serve no other purpose than to prejudice the City and inflame the trier of fact.

This Court is authorized under Rule 12(f) to strike from the pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is proper when it serves to remove prejudicial allegations that are wholly immaterial to the issues in the case. Prejudice for purposes of Rule 12(f) occurs "when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Harman v. Gist*, No. 02-cv-6112, 2003 WL 22053591, at *3 (N.D. Ill. Sept. 2, 2003); *see also Indiana Ins. Co. v. Westfield Ins. Co.*, No. 10-c-2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug. 26, 2010) (finding prejudice where the allegation "has the effect of confusing the issues").

These conditions are met here, and, if this Court does not grant Defendants' motions to dismiss, it should strike the paragraphs containing these immaterial and inflammatory allegations pursuant to Rule 12(f) because they are immaterial and unduly prejudice and burden Defendants in answering and defending themselves in this action.

## ARGUMENT

### I. Plaintiff Alleges Numerous Incidents Of Immaterial Past Conduct.

First, Plaintiff cannot establish any connection between the historical allegations of

"savage brutality and corruption" in Paragraphs 161 and 189-91, the Defendant Officers' alleged misconduct here, and CPD's current policies and practices.

Plaintiff pleads a "long history" of CPD officers "targeting Chicagoans on the south and west sides of the City with unlawful violence and corrupt schemes." (FAC ¶ 156.) This history largely focuses on decades-old allegations untethered to the claims of misconduct alleged concerning the Reed incident. Plaintiff stokes her allegations by charging that the alleged incidents "have garnered headlines for [CPD officers'] participation in *savage brutality and corruption*." (FAC ¶ 161 (emphasis added).) These sensationalized allegations, however, do not support or provide any context of a pattern of unlawful traffic stops or unconstitutional gun pointing by CPD officers.

The allegations in Paragraph 161 are significantly dated, involving incidents from 1970s, 1980s, 1990s, and early 2000s. Almost none involve misconduct arising from traffic stop incidents. (*See id.* ¶ 161(a)-(h).) Nor do these allegations involve incidents of gun pointing. *Id*. Rather, the incidents alleged largely involve CPD officers committing acts of robbery, extortion, evidence fabrication, financial gain, acts of violence, theft of drugs and money, home invasions, and false arrests. *Id*. The only cogitable thread connecting these allegations is that the officers were allegedly members of specialized teams. But Plaintiff fails to plead any allegations connecting these discrete incidents to a pattern or practice that motivated, caused, or allowed the Defendant Officers to allegedly violate Reed's constitutional rights. (*Compare id.* to FAC ¶¶ 163-65 (alleging a past practice of CPD tactical officers' trolling for arrests and that Defendant Officers targeted Reed in part because they were trolling for arrests).)

Similarly, Plaintiff's allegations in Paragraphs 189-191—pleaded to provide examples having "historical resonance"—are equally attenuated to the claims at issue here. She describes

3

the 1969 incident where "CPD officers executed Black Panther leader and activist Fred Hampton," and "fired 82 to 99 shots at Hampton and others in the apartment," (*id.* ¶ 189), a 1972 congressional panel and report by U.S. Representative Ralph Metcalf on allegations of CPD's "abusive police conduct" with the conclusion that CPD is "rotten to the core," (*id.* ¶ 190), and the 1972-1991 allegations that "Jon Burge and his midnight crew tortured more than 200 criminal suspects…[through] beatings, suffocating, burning with cigarettes and radiators, and electric shocks" (*id.* ¶ 191). None of these allegations directly or indirectly relate to an alleged 2024 unlawful traffic stop involving alleged unlawful gun pointing. Moreover, Plaintiffs makes no effort to connect the dots from these allegations to Reed's incident.

In sum, the challenged allegations are immaterial and have no bearing on the claims or issues in this case. These allegations have no concrete connection—let alone an indirect connection—to Plaintiff's challenge to traffic stop or use of forces practices in 2024. Moreover, Plaintiff makes no effort to plausibly tie her lists of scandalous misconduct to the claims she brings.

**II.     This Court Should Strike These Impertinent And Scandalous Allegations That Are Only Intended To Inflame The Trier of Fact.**

Why plead "historical" allegations that have no material relevance to the underlying allegations involving Dexter Reed? In order to create a sense of outrage against the City to bolster Plaintiff's *Monell* claims. Plaintiff alleges these purported incidents of misconduct dating back a half a century to conjure the theory that today's allegedly unconstitutional encounter with Reed was the result of a long-standing practice of harassing Black Chicagoans. Plaintiff further colors her rhetoric with explosive terms such as "executed" and "tortured." However, the Federal Rules do not give Plaintiff license to support her claims with immaterial and inflammatory allegations that have no bearing on her *Monell* claims.

Plaintiff offers only a threadbare connection between these allegations—a list of "historic"

4

investigations into alleged police officer abuse—and the matters at issue here. Absent are allegations of common decision- and policy-makers, express statements of CPD officers articulating a pattern or practice of related misconduct, or other allegations reflecting a direct or implied connection with the death of Fred Hampton, a 1972 congressional investigation, or Jon Burge. Plaintiffs' sweeping historical narrative is needlessly inflammatory and prejudicial in its depiction of policing in Chicago over the past 50 years.

In *Williams-Saddler v. City of Chicago*, the court struck as immaterial similar allegations concerning Jon Burge, Ronald Watts, the 1972 congressional investigation into police abuse, criminal indictments of CPD officers, and other serious police misconduct, which a plaintiff included in support of claims alleging excessive force by a police officer in 2023. Case No. 23-cv-4815, 2024 WL 1677407, at *2 (N.D. Ill. Apr. 18, 2024) (Durkin, J.). The court concluded that these allegations "are so old and so outrageous that they are not materially relevant to determining whether the City had a custom or practice of condoning or ignoring use of excessive force in every-day policing in 2023." *Id.*

Courts routinely strike similar inflammatory and irrelevant allegations. *See, e.g.*, *Porter v. Pipefitters Ass'n Local Union 597, U.A.*, No. 12-cv-9844, 2013 WL 5162206, *5 (N.D. Ill. Sept. 12, 2013) (concluding that "lengthy recounting of racial discrimination going back over a century" was irrelevant to plaintiffs' claims "as well as impertinent and inflammatory"). Indeed, several other plaintiffs have attempted to assert claims of constitutional harms against the City by pleading discrete historical events unrelated to the claims at issue, and courts have rejected this strategy, striking similar allegations against the City. *See, e.g.*, *Cosby v. Rodriguez, et al.*, No. 1:23-cv-02236 (N.D. Ill.) (Pallmeyer, J.), Dkt. 32 (July 6, 2023) (granting City's motion to strike certain historical allegations of discrimination from amended complaint alleging § 1983 claims), Dkt. 47

5

(August 10, 2023) (granting in part similar motion as to second amended complaint, and excusing Defendants from answering multiple paragraphs); *Wilger v. Aviles*, No. 1-23-cv-02231 (N.D. Ill.) (Durkin, J.), Dkt. 29 (July 28, 2023) (granting City's motion to strike the plaintiff's amended complaint, concluding that "Plaintiff's lengthy recitations of historic circumstances and unrelated conduct are unnecessary, immaterial, and inflammatory" and plaintiff could "still provide short and plain statement of the basis for his *Monell* claim" without violating Rule 8(a)(2)); *Fouche v. Grossklas*, No. 1:23-cv-02232 (N.D. Ill.), (Durkin, J.), Dkt. 28 (July 28, 2023) (granting City's motion to strike similar allegations).

Likewise here, the allegations in paragraphs 189, 190, and 191 have no possible relevance to Reed's 2024 traffic stop, gun pointing, or CPD policies and training at issue in this case. *See Talbot v. Robert Matthews Dist. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."). The allegations only serve to stir a factfinder's emotions, cause public outrage against the CPD and the City, and broaden the issues of police misconduct beyond what is at issue in this case. The mere listing of purported egregious and dissimilar incidents of excessive force and malfeasance by CPD officers from former generations, and which have no plausible connection to this case, are "void of merit and unworthy of any consideration" by this Court and should be stricken. *Kouassi v. W. Illinois Univ.*, No. 13-cv-1265, 2015 WL 50071, at \*6 (C.D. Ill. Feb. 4, 2015); *see also Claybon v. SSC Westchester Operating Co. LLC*, No. 20-cv-04507, 2021 WL 1222803, at \*6 (N.D. Ill. Apr. 1, 2021) (striking paragraphs as immaterial and scandalous because "[t]he allegation has no relevance to Plaintiff's claims, and the Court questions why the allegation was included in the complaint other than to stir emotions").

6

### III. Allowing The Challenged Allegations To Remain Places An Undue Burden On The City To Respond to Plaintiff's Pleading And Discovery Requests.

The City is further prejudiced by incurring an undue burden to respond to more than fifty years' worth of unrelated CPD misconduct to defend the current pattern and practices that purportedly caused Reed's injuries in 2024. The burden far exceeds simply answering allegations dating back as far as the 1969 police-raid shooting of Black Panther leader Fred Hampton. The allegations greatly expand the scope of discovery to cover more than five decades of alleged misconduct. This places a significant burden on the City to investigate, research, and review such historical events in defense of Plaintiff's *Monell* claims. *See Haligas v. City of Chicago*, 671 F. Supp. 3d 894, 896 (N.D. Ill. 2023) ("As a general matter, *Monell* claims can add significant time, effort, and complications to the discovery process, as well as other burdens.") (cleaned up); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) (noting that the burdens of *Monell* discovery on claims of excessive force by Chicago police officers are greater because of the size of the Chicago Police Department). In light of Plaintiff's failure to directly, or even indirectly, connect these historical allegations to her claims, the City should not be compelled to incur these pleading and discovery burdens.

### CONCLUSION

For all of these reasons, the City requests that this Court enter an order striking Paragraphs 161 and 189-91 on the grounds that the allegations are impertinent, scandalous, outdated and immaterial, inflammatory, and unduly prejudicial to the City.

Dated: July 26, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**CITY OF CHICAGO**

　　　　　　　　　　　　　　　　　　By:　*/s/ Michael P. Sheehan*
　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Michael P. Sheehan
Allan T. Slagel
Barton O'Brien
Elizabeth A. Winkowski
Sara Schroeder
Joan E. Ahn
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone:   (312) 527-4000
Facsimile:   (312) 527-4011
Email:       msheehan@taftlaw.com
             aslagel@taftlaw.com
             bobrien@taftlaw.com
             ewinkowski@taftlaw.com
             sschroeder@taftlaw.com
             jahn@taftlaw.com