```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
    NICOLE BANKS, Independent           )   Docket No. 24 C 3271
 4  Administrator for the estate of    )
    Dexter Antonio Reed,                )
 5                                      )
                    Plaintiffs,         )
 6                                      )
              vs.                       )
 7                                      )
    CITY OF CHICAGO, ALEXANDRA          )
 8  GIAMPAPA, THOMAS SPANOS, GREGORY    )
    SAINT LOUIS and AUBREY Webb,        )   Chicago, Illinois
 9                                      )   July 31, 2024
                    Defendants.         )   10:30 o'clock a.m.
10

11          TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
              BEFORE THE HONORABLE JEFFREY I. CUMMINGS
12

13  APPEARANCES:

14
    For the Plaintiff:      HART McLAUGHLIN & ELDRIDGE
15                          BY:  MS. JULIE A. MURPHY
                            1 S. Dearborn Street, Suite 1400
16                          Chicago, Illinois  60603

17
                            RODERICK MacARTHUR JUSTICE CENTER
18                          BY:  MS. SHEILA A. BEDI
                            375 E. Chicago, Illinois  60611
19

20                          ACTION INJURY LAW GROUP, LLC
                            BY:  MR. ANDREW M. STROTH
21                          191 N. Wacker Drive, Suite 2300
                            Chicago, Illinois  60606
22

23  For the Defendant       TAFT STETTINIUS & HOLLISTER LLP
    City of Chicago:        BY:  MS. ELIZABETH A. WINKOWSKI
24                               MS. SARA J. SCHROEDER
                            111 E. Wacker Drive, Suite 2800
25                          Chicago, Illinois  60601
```

```
 1  APPEARANCES  (Continued):

 2
    For the Individual         BORKAN & SCAHILL, LTD.
 3  Defendant Officers:        BY:  MR. TIMOTHY P. SCAHILL
                                    MS. WHITNEY N. HUTCHINSON
 4                             20 S. Clark Street, Suite 1700
                               Chicago, Illinois  60606
 5

 6  Court Reporter:            MS. JOENE HANHARDT
                               Official Court Reporter
 7                             219 S. Dearborn Street, Suite 1222
                               Chicago, Illinois  60604
 8                             (312) 435-6874

 9              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

10                    PROCEEDINGS RECORDED BY
                       MECHANICAL STENOGRAPHY
11                 TRANSCRIPT PRODUCED BY COMPUTER
```

1      THE CLERK:  24 C 3271, Banks vs. City of Chicago, et
2 al.
3      Counsel, please state your name for the record,
4 beginning with plaintiff's counsel.
5      MS. MURPHY:  Good morning, your Honor, Julie Murphy.
6      MR. STROTH:  Good morning, your Honor, Andrew Stroth.
7      MS. BEDI:  Good morning, Sheila Bedi, B-e-d-i.
8      THE COURT:  Good morning.
9      MS. SCHROEDER:  Good morning, your Honor, Sara
10 Schroeder on behalf of defendant City of Chicago.
11      MS. WINKOWSKI:  Elizabeth Winkowski, also on behalf of
12 the City of Chicago.
13      MR. SCAHILL:  Good morning, your Honor, Timothy
14 Scahill on behalf of the individually-named defendant officers.
15      MS. HUTCHINSON:  And good morning, your Honor, Whitney
16 Hutchinson, also on behalf of the individually-named defendant
17 officers.
18      THE COURT:  Okay.  Good morning, everyone.
19      So, I have had a chance to review the parties' Joint
20 Status Report that was filed, I believe, July 2nd, as well as
21 to take a quick look at the motion to dismiss and the motion to
22 strike that has been filed by the defendants.
23      And before we get to the scheduling matters and the
24 other things I wanted to take up today, I first want to turn to
25 the issue of your settlement discussions.

1      I saw in your Joint Status Report that the plaintiffs
2 had served a settlement demand.  I believe it was on June 2nd.
3 And, as of July 2nd, the defendants had not yet responded; were
4 still evaluating the proposal.
5      Have the defendants responded yet?
6      MR. STROTH:  Your Honor, if I may, Andrew Stroth.
7      We have not yet received a response.
8      THE COURT:  Okay.
9      Well, it will let them -- I will let them -- address
10 it.  I want to hear from them.
11      Thank you, Mr. Stroth.
12      MS. WINKOWSKI:  Elizabeth Winkowski.
13      THE COURT:  Go ahead.
14      MS. WINKOWSKI:  Your Honor, the City has not responded
15 to the demand yet.  The City is still evaluating the demand at
16 this time.
17      THE COURT:  Okay.
18      How much more time do you think that you will need?
19      MS. WINKOWSKI:  I would ask for 30 days.
20      THE COURT:  30 days?  Okay.
21      And, so, what I would like for the parties to do, I
22 want the City to respond within 30 days.
23      Ms. Chambers, what is that date?
24      THE CLERK:  September 3rd, Judge.
25      THE COURT:  Okay.

1                By September 3rd.
2                And, then, let's see.  Within seven days after that,
3    what I am going to want the parties to do is to submit a joint
4    written status report regarding their settlement discussions,
5    to my Settlement Correspondence Mailbox.
6                You can do that by e-mail.  I will put the address in
7    today's order.
8                And you should address the willingness on both
9    sides -- if there is a willingness on both sides -- to mediate
10   or engage in settlement discussions, either before the assigned
11   magistrate judge, Judge Cole; through private mediation; and,
12   there is also an option for me, if both sides would agree to
13   that.  We have a jury trial here.  But that certainly is up to
14   you.
15               And on the topic of settlement, in general, my
16   philosophy is it is a voluntary undertaking by both sides.  I
17   have never been one to try to force parties into a settlement
18   or pressure them into a settlement.  I think it is something
19   that each side has to agree to sit down and try and work it
20   out.
21               But, you know, that being said, I would suggest to you
22   that you try something a little different in this case, which
23   is to try exhaust your opportunities to settle the case before
24   we go too far down the path that I am about to outline for you,
25   in terms of the schedule in the case.

1      I know that this is a very serious case.  A tragic
2  case.  A young man was killed and a police officer was
3  seriously injured as a result of a traffic stop.
4      And I understand from the individual defendants'
5  motion to dismiss, it was because of tinted windows on his car.
6      That is not to judge who was right or wrong in the
7  situation or who should ultimately win or lose this case.
8      There are many complicating claims at issue; and, how
9  those line up with the facts of what occurred is something that
10 has required a lot of briefing already by the defendants and
11 will be something that will have to be determined down the
12 road, maybe in part by me, maybe by a jury.
13     But it is certainly not something that I am giving any
14 suggestion on today of what should happen.  But it is
15 complicated.
16     I think it could be in the interest -- everyone's best
17 interest, really -- to try and see what you can do right now.
18 And if it is not possible, I am going to give you a schedule
19 for moving forward.  We can do two things at the same time.
20     And I am certainly going to be here.  There will
21 always be time to fight this case.  And I am willing to resolve
22 whatever I need to resolve and, ultimately, have a trial with
23 eight people sitting in that jury box over there (indicating),
24 if that is what is needed in this case.
25     But I would encourage you to see if you can try and

1  resolve it first.
2      MR. STROTH: Your Honor, if I may, for the plaintiff,
3  we are very interested in that approach because we are fine
4  with going through full-blown discovery and grinding.
5      Our experience with the City is we think there is an
6  opportunity, especially with a high-profile case like this,
7  especially since there are Monell allegations, that there is a
8  referral at the appropriate time, depending on their response,
9  to sit down and see if it can be worked out prior to extensive
10 and very expensive litigation.
11     THE COURT: Okay.
12     Well --
13     MR. STROTH: And the other thing, for the record, I
14 will say, the tinted windows, I don't know. They claim that it
15 was a seat belt violation. So, there is even confusion with
16 respect to what the truth is.
17     THE COURT: Well, I am just relating what I saw in the
18 motion.
19     And, again, I am not determining anything here today.
20 I don't know.
21     MR. SCAHILL: I mean, there should be no confusion, if
22 you read the motion, as to what it is.
23     THE COURT: Okay.
24     MR. SCAHILL: I mean, it is a Fourth Amendment issue.
25     But, again, this is for them to respond to.

1                I think we made clear where the -- where that -- issue
2    lies, not only in the brief, but in the footnotes to the brief,
3    addressing both the tint and the seat belt violations.
4                THE COURT:  Yes.
5                MR. SCAHILL:  I don't think that is an accurate
6    depiction of what the arguments are; but, nonetheless --
7                THE COURT:  Okay.
8                MR. SCAHILL:  -- those are what the arguments are;
9    and, the Fourth Amendment.
10               THE COURT:  Yes, I understand that.
11               And, again, what I am going to move on to right now is
12   addressing the motions to dismiss and the motion to strike.
13               I have a standing order on motions to dismiss.
14               And this is for the plaintiff's team to think about.
15   You would have an option under Rule 15 -- and I will grant you
16   leave to do so -- to amend the complaint, if you choose to do
17   so, to address allegations or arguments that are made in the
18   motions to dismiss by both the individual defendants and the
19   City.
20               And that 21-day period would be August 16th, if you
21   choose to amend your complaint to respond to the motions to
22   dismiss.
23               That standing order is on my website, by the way.
24               But, otherwise, in terms of responding to the motion
25   to dismiss, if you choose to stand on the first amended

1 complaint, the responses would be due ordinarily in 28 days.
2 And I want to see if that is sufficient time. That would take
3 you until August 28th.
4     MS. MURPHY: Your Honor, thank you.
5     Julie Murphy for plaintiff.
6     Because of the number of motions and the breadth of
7 them, we had discussed with defendants possibly 45 days to
8 respond to all three.
9     And we are in agreement with that, with defendants.
10     And, then, defendants had asked for 30 days to file
11 their replies.
12     And thank you, too, for pointing out the option to
13 amend. That would, I think, allow us to do an evaluation, too,
14 as to that, if that was something we want to do within that
15 time period -- at least make some amendments instead of
16 responding, if appropriate.
17     But we did just receive these on Friday. So, we
18 haven't made that determination one way or another.
19     THE COURT: Okay.
20     And if you need more time beyond the 16th to determine
21 whether you want to amend, what I would like you to do is
22 approach defense counsel and see if you can come up with an
23 agreement about an additional amount of time, that they are
24 thinking about, amending the complaint in response to your
25 motions.

```
 1              And the 45-day period for response to the three
 2   motions is fine.
 3              Ms. Chambers, where does that take us?
 4              THE CLERK:  September 16th.
 5              THE COURT:  September 16th.
 6              And, then, 30 days beyond that for the reply.
 7              THE CLERK:  October 16th.
 8              THE COURT:  Okay.
 9              And with respect to the motion to strike, I do not
10   think I am going to need a reply from the defendants on that.
11   So, I will just take a response from the plaintiff.  So, your
12   reply will be on the motions to dismiss only.
13              Now, there was also a reference in the Joint Status
14   Report to a motion to bifurcate and to stay discovery of
15   plaintiff's Monell and Illinois Civil Rights Act claim by the
16   City.  And I want to see when you will be ready to file that
17   motion.
18              MS. WINKOWSKI:  Yes, your Honor.
19              We are still working on that motion and evaluating our
20   position.  But we would be ready to file within about 20 days,
21   by August 19th.
22              THE COURT:  Okay.
23              So, I will give you by August 19th.  All right.
24              And, then, in terms of plaintiff's response to that
25   motion, how much times do you think you will need?
```

```
 1              MS. MURPHY:  May we, just because of the other
 2    briefing schedule, take it to the 16th, as well?
 3              THE COURT:  Okay.
 4              So, we will sync that up.
 5              And, then, in term of the reply, I guess we might as
 6    well keep it on the same schedule and make it October 16th for
 7    the reply on that motion, as well.  Okay?
 8              So, next, I did take a look at your case plan and it
 9    looks pretty reasonable to me.
10              I do want to just check in with the parties and see
11    how many depositions each side is anticipating.
12              I know it is probably too soon to know with any
13    certainty.  I am not going to lock you into any numbers that
14    you have today.
15              But, turning to the plaintiff's side first, how many
16    depositions do you think you might need?
17              MS. MURPHY:  Your Honor, we know at least there is the
18    five officers involved.  And, then, with the family members,
19    there is five.  So, that will take us necessarily about ten.
20              And, then, the responders.
21              Honestly, I would think we are in the realm of twenty
22    to thirty.
23              THE COURT:  Okay.
24              And, then, on the defense side?
25              Maybe starting with the individual defendants?
```

1          Some of the same depositions they are talking about
2  would be ones that you would be interested in, too, I am sure.
3          MR. SCAHILL:  Sure.
4          Obviously, you know, just captured on camera, we know
5  who is there.  I am not sure that there are -- and there are, I
6  guess, possibly, some third-party witnesses there.  But, again,
7  this is a video.  So, whether those are deposed or not is sort
8  of up in the air.
9          Other than that, I suppose it would be non-defendant
10 police officers, damages witnesses, and the like.
11         You know, there are -- some of this depends on the
12 nature of claims that are proceeding.  Because there is the
13 claims relating to the incident.  And, then, of course, there
14 is, you know, Monell issues, which is really going to, I think,
15 make this a lot more depositions than that.
16         That is not really my fight.  That is the City's
17 fight, of course, because they are defending against that
18 claim.  But, you know, that certainly has the potential of
19 increasing the number of depositions on that end; which, again,
20 when we did the discovery plan, this was before the motions are
21 filed, and it seems, like, if there is going to be an amended
22 complaint -- another amended complaint -- and we don't know
23 where the claims are, some of this may be subject to change.
24         I mean, just to flag this, your Honor, it is eminently
25 possible we may be filing, given that these are fully

1  dispositive motions right now, some sort of motion to limit or
2  stay discovery, either full or partial, just because of the
3  unresolved nature of some of that.
4      So, I just did want to flag that for your Honor today.
5      THE COURT: Okay.
6      Now, in terms of the City's position on the Monell
7  claims and the claims against the City, do you have any sense
8  of what sort of depositions you would be looking to conduct?
9      MS. WINKOWSKI: As far as depositions we would be
10 conducting, I am not sure at this time, your Honor.
11     Obviously, we would be defending quite a number of
12 depositions on the Monell claims; but, at this time, I am not
13 really sure how many we would be taking.
14     THE COURT: Okay.
15     MS. SCHROEDER: I think we could add on there, your
16 Honor, depending on if the claims remain, we would have to do
17 medical professionals, you know, with respect to the ADA
18 claims, if those stayed in the case.
19     And, then, certainly, you know, the plaintiff's and
20 any additional witnesses that they identify on their Rule 26
21 disclosures.
22     THE COURT: Okay. That is helpful.
23     So, I will go with the schedule that you have outlined
24 for now. I understand that it might be subject to some
25 modification as we go through things and once these motions are

1  decided, and see where the claims stand after that point.
2      But the schedule you propose is reasonable. So, I am
3  going to have initial Rule 26(a)(1) disclosures on August 26th.
4      The date for issuance of an initial round of written
5  discovery will be September 9th.
6      The deadline for amended pleadings will be January 7,
7  2025.
8      The fact discovery cutoff will be July 11th, 2025.
9      And, then, I will also go with the expert discovery
10 schedule that you set forth. I think it is reasonable, as
11 well.
12     Plaintiff expert's reports will be due 60 days after
13 the completion of fact discovery. So, I think we will
14 calculate that and put that in the order. We are not going to
15 take time to do that sitting right here.
16     The deposition of plaintiff's experts will be 30 days
17 after the disclosure of plaintiff's expert reports.
18     Disclosure of defense experts will be 30 days after
19 the final deposition of plaintiff's experts.
20     And the deposition of defense experts will be within
21 30 days after the disclosure of the defense experts.
22     I am going to have periodic written -- joint written
23 -- status reports regarding discovery. I find those to be very
24 helpful. And you have done a nice job on this first Joint
25 Status Report.

1          The first one will be due on October 2nd, 2024.
2          So, I will give you some instructions for those, but
3    you will just file that on the docket.
4          Of course, meet and confer regarding any discovery
5    issues before bringing any motions to compel under Rule 37.2,
6    of course.
7          And, also, conferring regarding these motions to stay
8    discovery.  I, certainly, you know, as I said, I saw the one
9    regarding the claims against the City.  And that is a pretty
10   standard one.
11         But the suggestion to stay all discovery, that is
12   something that I think you should take up with your
13   counterparts.  That is a little less standard.
14         Even though I understand your view that you believe
15   that this motion will be dispositive and might take care of the
16   whole case, that is --
17         MR. SCAHILL:  My concern with that, Judge -- and, of
18   course, that is why I am not asking your Honor to stay it now;
19   we will have that discussion; but, when I heard the possibility
20   of another amended complaint, you know, that sort of -- because
21   it has already been amended once --
22         THE COURT:  Right, right.
23         MR. SCAHILL:  -- to take out some of these baseless
24   allegations.  And, so, if we are kind of changing the nature of
25   the claims, again, it changes the nature of discovery.  That is

1 Point One.
2 But the second issue, obviously, all defense attorneys
3 think their motions to dismiss are well-founded and should be
4 granted, or else they wouldn't have filed them. But the other
5 issue here is there is also qualified immunity issues, which,
6 you know, there is another step there. Even that could be
7 pursued, depending on your Honor's ruling.
8 And qualified immunity, of course, isn't just an
9 immunity to liability, it's immunity from suit.
10 So, there are some other issues here; but, again, not
11 for your Honor to discuss today. We will have a discussion
12 with counsel.
13 THE COURT: Well, I mean, you are right about that.
14 But to the extent whether you get immunity or not is
15 dependent upon disputed facts or inferences drawn from facts.
16 Of course, that isn't dispositive at this juncture.
17 So, it is just going to depend.
18 MR. SCAHILL: Sure.
19 THE COURT: And there is a lot of briefing to come on
20 these motions. And, as I said, I took a quick look at the
21 motions. I didn't study them. So, that will be down the road.
22 Now, in terms of what I wanted to cover today, that is
23 pretty much it. But I do want to offer each side an
24 opportunity to raise any other issues that you might have.
25 I will look at the plaintiff's side first.

1  MS. BEDI: Your Honor, just one point of clarification
2 or a question.
3  I hear counsel for the individual officers
4 contemplating filing this motion to stay discovery. I am
5 wondering if we could, in the scheduling order, anticipate a
6 deadline for that, so that we can -- we can -- plan
7 accordingly?
8  THE COURT: Well, that is a good point.
9  MR. SCAHILL: Part of the issue here is I don't know
10 if there is going to be a third complaint.
11  THE COURT: Okay.
12  So, that is fair.
13  So, we will have to see.
14  After the plaintiff makes a determination as to
15 whether or not there will be an amended -- you know, you will
16 make an amendment to address some of these things.
17  And, so, right now, that deadline, I believe, is
18 August 16th.
19  I think, for the individual defendants, three weeks
20 after that.
21  You will see what it looks like.
22  If they stand on the initial complaint, that is one
23 thing. If there is a new complaint -- but what oftentimes
24 happens, when there is an amended complaint, it can narrow
25 down, not necessarily expand.

1          MR. SCAHILL:  That would be certainly good.
2          THE COURT:  Well --
3          MR. SCAHILL:  But the other issue is -- well, we may
4    file before that.  You know, that is just an issue that
5    complicates matters on one end.
6          But as far as, you know, what the claims are now, we
7    still believe there is a possibility to do that.
8          But we will take the deadline that your Honor set.
9          THE COURT:  Well, I am going to give you --
10         MR. SCAHILL:  It may happen before that.
11         THE COURT:  I am going to give you a September 6th
12   deadline for that.
13         And, then, if that motion comes in, then I will, at
14   that point, give plaintiff an opportunity to respond to that
15   motion and set a reply.
16         I will set a briefing schedule if you, in fact, file
17   such a motion.
18         But I want you to talk to them about it first because,
19   as you said, defense counsel always believed that their motion
20   is going to take care of the case; but, oftentimes -- in fact,
21   in most instances -- even if a motion is granted, leave to
22   amend is often given, to try to fix things.
23         And it is not always the end of the road, even if you
24   win your motion.
25         So, talk to him about that.

1          MR. SCAHILL:  We absolutely will.
2          THE COURT:  Okay.
3          Anything else, Ms. Bedi?
4          MS. BEDI:  Nothing from the plaintiff, your Honor.
5          THE COURT:  Okay.
6          Anything from the City?
7          MS. WINKOWSKI:  No, your Honor.
8          THE COURT:  Anything from the individual defendants?
9          MR. SCAHILL:  Not anything else.
10         Thank you, your Honor.
11         THE COURT:  Okay.
12         Well, then, I will look to hear from you in various
13  ways.  And the court will stand in recess for now.
14         MS. SCHROEDER:  Thank you.
15         MS. WINKOWSKI:  Thank you.
16                    *   *   *   *   *
17  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
18
19  /s/ Joene Hanhardt                    August 16, 2024
    Official Court Reporter
20
21
22
23
24
25