**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, Deceased, | Case No. 24-cv-3271 |
| Plaintiffs. | Judge Jeffrey I. Cummings |
| v. | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, a municipal corporation, et al., | |
| Defendants. | |

**AMENDED JOINT INITIAL STATUS REPORT**

Pursuant to the Order of December 30, 2025 [ECF#95], parties have conferred through their respective counsel, and jointly submit the following as and for their Amended Joint Initial Status Report:

I. Nature of the Case

    A. *Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.*

        **Counsel for Plaintiff:**
        Steven A. Hart (lead counsel) - shart@hmelegal.com
        Julie A. Murphy - jmurphy@hmelegal.com
        Hart McLaughlin & Eldridge
        One S. Dearborn, Suite 1400
        Chicago, Illinois 60603
        (312) 955-0545

        Andrew M. Stroth (lead counsel) - astroth@actioninjurylawgroup.com
        Action Injury Law Group
        191 North Wacker Drive, Suite 2300
        Chicago, Illinois 60606
        (844) 878-4529

        Wallce Hilke  - wally.hilke@law.northwestern.edu

    Community Justice and Civil Rights Clinic
    Northwestern Pritzker School of Law
    375 E. Chicago Ave., 8th Floor Chicago, IL 60611
    Phone: 312-503-2224

    **Counsel for Defendant City of Chicago:**
    Michael P. Sheehan (lead counsel) - msheehan@taftlaw.com
    Allan T. Slagel - aslagel@taftlaw.com
    Barton O'Brien - bobrien@taftlaw.com
    Elizabeth Winkowski - ewinkowski@taftlaw.com
    Joan Ahn - jahn@taftlaw.com
    Sara Schroeder - sschroeder@taftlaw.com
    Taft Stettinius & Hollister, LLP
    111 E. Wacker Drive, Suite 2600
    Chicago, IL 60601
    (312) 527-4000

    **Counsel for Individual Defendant Officers:**
    Steven B. Borkan (lead counsel) - sborkan@borkanscahill.com
    Timothy P. Scahill (lead counsel) - tscahill@borkanscahill.com
    Whitney N. Hutchinson - whutchinson@borkanscahill.com
    Borkan & Scahill, Ltd.
    20 S. Clark Street, Suite 1700
    Chicago, Illinois 60603
    (312) 580-1030

B. *Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.*

On December 17, 2025, the Court reinstated this case [ECF#92], and Plaintiff filed her Second Amended Complaint [ECF#93], alleging the five (5) individual Defendant Officers who were members of a tactical team conducted a pretextual and unlawful traffic stop of Decedent Dexter Reed that directly resulted in Dexter Reed's death, and Plaintiff further alleges the following causes of action against one or more of the Defendant Officers:

- Count I: violation of the Fourth Amendment, unlawful and pretextual traffic stop, 42 U.S.C. §1983, against all 5 officers;
- Count II: violation of the Fourth Amendment, excessive force, 42 U.S.C. §1983, against all 5 officers;
- Count III: violation of the Fourth Amendment, denial of medical care, 42 U.S.C. §1983 (against all but Defendant Saint Louis);
- Count VIII: willful and wanton conduct, Survival Act, state law, against all 5 officers;
- Count IX: willful and wanton conduct, Wrongful Death Act, state law, against all 5 officers;
- Count X: assault, Survival Act, state law, against all 5 officers;
- Count XI: battery, Survival Act, state law, against all 5 officers.

Plaintiff also alleges Defendant City of Chicago has policies and practices that allow and encourage unlawful and pretextual traffic stops in a racially discriminatory manner, particularly by its tactical teams, excessive force, and further fails to promulgate adequate policies, train, supervise, and discipline its officers. Plaintiff asserts the following claims against Defendant City of Chicago:

- Count IV: *Monell* claim, pattern and practice of unconstitutional traffic stops, 42 U.S.C. §1983
- Count V: *Monell* claim, pattern and practice of using excessive force and promotion of tactical teams, 42 U.S.C. §1983;
- Count VI: *Monell* claim, failure to promulgate policies, and adequately train, supervise, and discipline its officers, 42 U.S.C. §1983;
- Count VII: violation of Illinois Civil Rights Act ("IRCA"), 740 ILCS 23/5, state law;
- Count XII: *respondeat superior*, state law;
- Count XIII: indemnification, state law;
- Count XIV: violation of Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, wrongful seizure;
- Count XV: violation of ADA , 42 U.S.C. §12131, failure to accommodate during traffic stop.

At this time, Defendants have not filed any counterclaims or third-party claims.

C. *Briefly identify the major legal and factual issues in the case*.

- Whether Deter Reed's constitutional rights were violated.
- Whether there was a reasonable and objective belief by Defendant Officers warranting the traffic stop of Dexter Reed.
- Whether the manner in which Defendant Officers conducted the traffic stop was unreasonable.
- Whether the course of conduct of Defendant Officers exhibited reckless indifference and/or conscious disregard for the welfare of themselves and others.
- Whether it was objectively unreasonable for Defendant Officers Giampapa, Spanos, Pacheco, or Saint Louis to point their weapons at Dexter Reed during the traffic stop.
- Whether it was objectively unreasonable for Defendant Officers Giampapa, Spanos, Pacheco, or Webb to not provide medical care to Dexter Reed.
- Whether Plaintiff has a claim under the ADA and if so, whether Defendant Officers violated Dexter Reed's rights under the ADA.
- Whether Defendant City of Chicago has a custom and practice of: (1) conducting pretextual and unlawful traffic stops; (2) excessive force, particularly among its tactical teams; or (3) failing to promulgate adequate training, supervision, and discipline; and if so, whether Defendant City of Chicago was deliberately indifferent to these customs or practices and whether these customs and practices were the moving force behind the alleged constitutional violations.
- Whether there is a legitimate policy reason or justification for Defendant City of Chicago's alleged volume of traffic stops of Black and Latino drivers.

3

- Whether any claim is barred by Qualified Immunity doctrine or the Illinois Tort Immunity Act.

D. *State the relief sought by any of the parties*.

Plaintiff seeks compensatory damages against all Defendants for the personal injuries sustained by Dexter Reed, including pain and suffering, and mental anguish, and for the loss suffered by his heirs as a result of his death, including grief, sorrow, and loss of companionship. Plaintiff also seeks punitive damages against Defendant Officers.

II. Jurisdiction: The Court has original subject matter jurisdiction over Plaintiff's 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and over Plaintiff's ADA claims pursuant to 42 U.S.C. § 12131. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

III. Status of Service: All Defendants have been served and have appeared.

IV. Motions:

a. *Briefly describe any pending motions*.

On January 22, 2026, Defendant City of Chicago filed a motion to dismiss Counts IV-VII, XII, and XIV-XV of Plaintiff's Second Amended Complaint pursuant to FRCP 12(b)(6). [ECF#100.]

On January 22, 2026, Defendant Individual Officers filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to FRCP 12(b)(6). [ECF#99.]

Plaintiff intends to respond to these motions, which are due within 28 days, or by February 20, 2026. Should Plaintiff require additional time or excess pages, she will file a motion with the Court. Replies are due within 14 days after the filing of the responses.

Defendant City of Chicago intends to file a Motion to Bifurcate and to Stay Discovery of Plaintiff's *Monell* and ICRA claims (Counts IV, V, VI, and VII).

b. *State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion*.

Defendants do not intend to file an answer while awaiting ruling on their pending motions.

V. Case Plan:

a. *Submit a proposal for a discovery plan, including the following information:*

Prior to reinstatement of this case, some initial discovery was conducted; all parties made initial Rule 26(a) disclosures and propounded written discovery requests, which no party

4

has answered.

As to discovery on the individual officer-based claims:

i. *The general type of discovery needed*: Parties anticipate discovery to involve medical and/or mental health records of Decedent, confidential records, electronically stored information, written discovery from all parties, third-party document subpoenas, depositions of the parties and third-party witnesses. Parties seek leave to conduct fact witness depositions in excess of 10.
ii. The parties anticipate that a Confidentiality Protective Order and HIPAA Qualified Protective Order will need to be filed.
iii. A date for Amended Rule 26(a)(1) disclosures: **February 27, 2026**.
iv. First date by which to issue amended written discovery: **March 6, 2026.**
v. A proposed fact discovery completion date: **March 5, 2027**.
vi. A proposed deadline for amended pleadings: **July 10, 2026**.
vii. Whether the parties anticipate expert discovery and, if so, a proposed schedule for the completion of expert discovery: Parties anticipate expert discovery and propose setting an expert discovery schedule at a status hearing thirty days before the close of fact discovery.

Parties defer proposing a discovery schedule for *Monell* discovery until resolution of the City's motion to stay discovery.

b. *With respect to trial, indicate the following:*
  i. A jury trial is requested.
  ii. The probable length of trial is expected to be 3 weeks.

VI. **Consent and Settlement Discussions**:

a. *The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties <u>unanimously</u> consent to do so.*

All counsel have advised their respective clients they may proceed before a Magistrate Judge if they consent unanimously. There is not unanimous consent to proceed before a Magistrate Judge at this time.

b. *Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.*

Parties participated in multiple settlement conferences before the Court in October 2024, reached a settlement agreement conditioned on approval by the Chicago City Council, and as a result filed joint stipulations of dismissal, and the Court entered a dismissal order on November 27, 2024. [ECF#69, 70, 71.] The settlement was not

5

approved by the Chicago City Council, and this matter was reinstated on December 17, 2025. [ECF# 92.]

Plaintiff remains open to discussing settlement, but there have been no further discussions regarding settlement to date.

Dated: January 30, 2026          Respectfully submitted,

By: */s/ Julie A. Murphy*
*One of the Attorneys for Plaintiff*
Steven A. Hart
Julie A. Murphy
**Hart McLaughlin & Eldridge**
One S. Dearborn, Suite 1400
Chicago, Illinois 60603
(312) 955-0545
shart@hmelegal.com
jmurphy@hmelegal.com


Andrew M. Stroth
**Action Injury Law Group**
191 North Wacker Drive, Suite 2300
Chicago, Illinois 60606
(844) 878-4529
astroth@actioninjurylawgroup.com

Wallace Hilke
**Community Justice and Civil Rights Clinic**
**Northwestern Pritzker School of Law**
375 E. Chicago Ave., 8th Floor Chicago, IL 60611
Phone: 312-503-2224
wally.hilke@law.northwestern.edu

By: */s/ Michael P. Sheehan*
*One of the Attorneys for Defendant City of Chicago*
Michael P. Sheehan
Allan Slagel
Barton O'Brien
Elizabeth Winkowski
Joan Ahn
**Taft Stettinius & Hollister, LLP**
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601

6

       (312) 527-4000
       msheehan@taftlaw.com
       aslagel@taftlaw.com
       bobrien@taftlaw.com
       ewinkowski@taftlaw.com
       jahn@taftlaw.com

By: */s/*
       *One of the Attorneys for Defendants Alexandra Giampapa, Thomas Spanos, Victor Pacheco, Gregory Saint Louis and Aubrey Webb*
       Steven B. Borkan
       Timothy P. Scahill
       Whitney N. Hutchinson
       **Borkan & Scahill, Ltd.**
       20 S. Clark Street, Suite 1700
       Chicago, Illinois 60603
       (312) 580-1030
       sborkan@borkanscahill.com
       tscahill@borkanscahill.com
       whutchinson@borkanscahill.com