IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, deceased. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 24-cv-3271 |
| CITY OF CHICAGO, a municipal corporation, CHICAGO POLICE DEPARTMENT OFFICERS, ALEXANDRA GIAMPAPA (Star 13853), THOMAS SPANOS (Star 3110), VICTOR PACHEDO (Star 18337), GREGORY SAINT LOUIS (Star 5153) and AUBREY WEBB (Star 5105, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT GREGORY SAINT LOUIS'
COUNTER-CLAIM**

NOW COMES, the Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS, by and through his attorney, James E. Thompson, and in his Counter-Claim against NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED alleges as follows:

**JURISDICITION AND VENUE**

1. This Court has supplemental jurisdiction over this Illinois state law tort claim pursuant to 28 U.S.C.§1367.

2. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343

3. This claim is brought pursuant to Fed. R. Civ. P. 13(a), Compulsory Counterclaim. The allegations contained in the claim arise out of the same occurrence and facts that is the subject of

1

the plaintiff's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

4. Venue is proper in this District under 28 U.S.C. §1931 (b). Both parties reside in the Northern District of Illinois, Eastern Division, and all operative facts, occurrences, and damages as pled took place in the Northern District of Illinois, Eastern Division.

## PARTIES

5. At all times relevant hereto, the Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS, was a resident of the City of Chicago, County of Cook and State of Illinois.

6. At all times relevant hereto, the Plaintiff/Counter-Defendant, NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, deceased, is the duly appointed representative of the Estate of DEXTER ANTONIO REED by the Probate Division of the Circuit Court of Cook County, Illinois, in case no. 2024 P 002416.

7. At all times relevant hereto, DEXTER ANTONIO REED, deceased, was a resident of the City of Chicago, County of Cook and State of Illinois.

## FACTUAL BACKGROUND

8. On March 21, 2024, GREGORY SAINT LOUIS, twenty-nine (29) years of age at that time, was employed by the City of Chicago Department of Police as a Chicago Police Officer.

9. On March 21, 2024, GREGORY SAINT LOUIS, was on duty as a Chicago Police Officer and was performing his official duties.

10. On the aforesaid date, DEXTER ANOTNIO REED, was the driver and single occupant of a certain motor vehicle being operated in the City of Chicago.

2

11.     On the aforesaid date, GREGORY SAINT LOUIS, along with other on duty Chicago Police Officers, conducted a traffic stop of the vehicle being operated by DEXTER ANTONIO REED at or near the 3800 west block of Ferdinand Street, in the City of Chicago.

12.     On the aforesaid date and at the time of the traffic stop, GREGORY SAINT LOUIS exited his City of Chicago police vehicle and approached the vehicle being operated by DEXTER ANTONIO REED on the passenger side of the vehicle in furtherance of the traffic stop.

13.     While GREGORY SAINT LOUIS was positioned on the passenger side of the vehicle, DEXTER ANTONIO REED brandished a handgun while positioned in the driver's seat of the vehicle, pointed the handgun in the direction of GREGORY SAINT LOUIS, and fired the handgun in the direction of GREGORY SAINT LOUIS with the intent to cause death or great bodily injury to GREGORY SAINT LOUIS.

14.     The discharged round from DEXTER ANTONIO REED'S handgun struck GREGORY SAINT LOUIS in the left wrist.

15.     The devastating impact of the discharged round into GREGORY SAINT LOUIS' arm was committed by DEXTER ANTONIO REED intentionally, without legal justification and without consent.

16.     GREGORY SAINT LOUIS immediately sustained severe physical injuries, suffered great pain and emotional distress, was disabled and prevented from continuing in the performance of his duties.

17.     GREGORY SAINT LOUIS was transported from the scene of the traffic stop to Stroger Hospital where he underwent emergency surgery and medical care.

18.     The actions of DEXTER ANTONIO REED were conducted willfully and maliciously with an utter disregard for the health, welfare, safety and life of GREGORY SAINT LOUIS.

## COUNT I
### (Batttery)

19.     Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS restates paragraphs one through eighteen (1-18) as fully incorporated and pled herein.

20.     DEXTER ANTONIO REED intentionally pointed and fired his handgun in the direction of GREGORY SAINT LOUIS with the intent that the discharged round would strike GREGORY SAINT LOUIS causing death or great bodily injury to GREGORY SAINT LOUIS, without legal justification or consent.

21.     That the discharged round struck GREGORY SAINT LOUIS in the left wrist causing immediate, severe and permanent injury to GREGORY SAINT LOUIS.

22.     As a direct and proximate cause of DEXTER ANTONIO REED'S ACTIONS, GREGORY SAINT LOUIS has suffered and continues to suffer past and future damages, both compensatory and general in nature including, but not limited to, the cost of medical services, pain and suffering, emotional distress, mental anguish, loss of normal life, disfigurement, disability, and permanent injury.

23.     The actions of ANTONIO DEXTER REED against GREGORY SAINT LOUIS were carried out with actual malice and/or with a conscious, reckless and outrageous indifference to the health, safety, welfare and life of GREGORY SAINT LOUIS, thereby justifying an award of punitive damages.

    WHEREFORE, the Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS, prays that this Court enter judgment in favor of the Defendant/Counter-Plaintiff, GREGORY SAINT

LOUIS and against NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, for the following:

    a)    Compensatory damages for all past and future economic losses;

    b)    General damages for all past and future physical pain, mental suffering and anguish, emotional distress, and loss of normal life;

    c)    Permanent disfigurement;

    d)    Permanent disability;

    e)    Punitive damages;

    f)    Pre-judgment and post judgment interest;

    g)    Attorney's fees and Costs;

    h)    Any and all other relief that this Court deems fair and just.

## COUNT II
**(Intentional Infliction of Emotional Distress)**

24. Defendant/Counter-Plaintiff restates paragraphs one through eighteen (1-18) as fully pled herein.

25. ANTONIO DEXTER REED'S actions of pointing a loaded handgun and firing a handgun in the direction of GREGORY SAINT LOUIS with the intent to cause death or great bodily harm to GREGORY SAINT LOUIS was extreme, outrageous and unconscionable.

26. ANTONIO DEXTER REED intended to cause or was aware of the high probability that his conduct would cause severe emotional distress and anguish to GREGORY SAINT LOUIS.

27. ANTONIO DEXTER REED'S conduct caused GREGORY SAINT LOUIS to suffer severe emotional distress and anguish.

28. The emotional distress that GREGORY SAINT LOUIS experienced was so severe, no reasonable person would expect to endure it.

29. As a direct and proximate cause of DEXTER ANTONIO REEDS actions, GREGORY SAINT LOUIS has suffered and continues to suffer severe emotional distress and aguish that has greatly affected his career as a law enforcement officer and enjoyment of life.

30. The actions of ANTONIO DEXTER REED against GREGORY SAINT LOUIS were carried out with actual malice and/or with a conscious, reckless and outrageous indifference to the health, safety, welfare and life of GREGORY SAINT LOUIS, thereby justifying an award of punitive damages.

WHEREFORE, the Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS, prays that this Court enter judgment in favor of the Defendant/Counter-Plaintiff, GREGORY SAINT LOUIS and against NICOLE BANKS, as Independent Administrator of the Estate of DEXTER ANTONIO REED, for the following:

    a) Compensatory damages for all past and future economic losses;

    b) General damages for all past and future physical pain, mental suffering and anguish, emotional distress, and loss of normal life;

    c) Punitive damages;

    d) Pre-judgment and post judgment interest;

    e) Attorney's fees and costs;

    f) Any and all other relief that this Court deems fair and just.

    Respectfully submitted,

    /s/James E. Thompson
    *Attorney for Gregory Saint Louis*

ARDC No. 6217334
James E. Thompson
Grace & Thompson
311 W. Superior Street, Suite 215
Chicago, IL  60654
(312)943-0600
(312)285-2535 fax
JThompson@GGTlegal.com